981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Steve TESTERMAN, Defendant-Appellant.
 No. 92-5410.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-91-393-1)
 William J. Sadler, Wills, Kilgore & Sadler, Princeton, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Steve Testerman pled guilty to conspiracy to possess hydromorphone (Dilaudid) with intent to distribute in violation of 21 U.S.C.A. § 846 (West Supp. 1992). He appeals the sentence he received, contending that the district court improperly found that he had obstructed justice and denied him a reduction in offense level for acceptance of responsibility.* We affirm.
 
 
 2
 While Testerman was away from home briefly, his wife attempted to buy Dilaudid through a confidential informant which led to a controlled sale and her arrest. During negotiations prior to the sale, Mrs. Testerman told the informant that Testerman had gone out of town to obtain some Tylox and would also want to buy Dilaudid on his return.
 
 
 3
 Testerman was subsequently charged with conspiracy to possess Dilaudid with intent to distribute. After receiving a summons, he came to the courthouse on the day scheduled for his arraignment and counsel was appointed. Testerman and his attorney were then advised that the government would seek his detention. While awaiting his turn to be arraigned, Testerman left the courthouse and disappeared. He could not be located for approximately twenty days. Although he phoned the court several times during this period and promised to turn himself in, he did not do so, and was finally arrested.
 
 
 4
 Testerman eventually entered a guilty plea and was released on bond so that he would have the opportunity to cooperate with police. In the next month, he tested positive for drugs four times and was arrested by state authorities for failing to appear in municipal court. At the time of his arrest, he was violating the conditions of his bond, which was then revoked at the request of the probation officer.
 
 
 5
 We find no error in the district court's determination that Testerman obstructed justice in failing to appear for his arraignment. He argues that his conduct was like "fleeing or avoiding arrest," for which the adjustment would not be given. See U.S.S.G. § 3C1.1, comment. (n.4(d)). However, Testerman did not flee to avoid arrest; he willfully failed to appear at his arraignment after beginning the proceeding. His conduct is described in application note 3(d) of the guideline as conduct for which the enhancement should be given.
 
 
 6
 The district court's finding that Testerman had not accepted responsibility for his criminal conduct is not clearly erroneous. Testerman continued to use drugs after pleading guilty to a drug charge, thereby violating the conditions of his bond while he was supposedly cooperating with police. This behavior did not demonstrate a voluntary termination of criminal activity nor a timely acceptance of responsibility for the criminal conduct underlying the offense. See United States v. Underwood, 970 F.2d 1336 (4th Cir. 1992). In addition, because Testerman received an adjustment for obstruction of justice, a reduction for acceptance of responsibility would not be appropriate except in extraordinary circumstances, which are not present in this case. U.S.S.G. § 3E1.1, comment. (n.4).
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual §§ 3C1.1, 3E1.1 (Nov. 1991)